UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-113(2) (DSD/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MENA D. YOUSIF,

        Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and defendant MENA D. YOUSIF (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter the "United States" or the "Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 2 of the superseding indictment, which charges the defendant with Accessory After the Fact, in violation of 18 U.S.C. § 3. The defendant fully understands the nature and elements of the crime with which she has been charged.

2. **Factual Basis.** The defendant is pleading guilty because she is in fact guilty of Count 2 of the superseding indictment. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about May 28, 2020, Mena Yousif and her husband (and co-defendant) Jose Felan went to the 1200 block of University Avenue West, in St. Paul, Minnesota. While there, Felan maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire, a building used in interstate or foreign commerce and in activity affecting interstate or foreign commerce, namely, the Goodwill retail store located at 1239 University Avenue West, in St. Paul, Minnesota, as charged in Count 1 of the superseding indictment. On that same night, Felan set or attempted to set fire to two additional buildings on University Avenue in St. Paul—Gordon Parks High School at 1212 University Avenue West, St. Paul, Minnesota (Count 3) and 7 Mile Sportswear store at 590 University Avenue West, St. Paul, Minnesota (Count 4). Yousif was with Felan on May 28, 2020, and observed him set the fires. After the fact, as described below, Yousif did receive, relieve, comfort, and assist Felan in order to hinder and prevent Felan's apprehension, trial, and punishment, all in violation of Title 18, United States Code, Section 3.

Specifically, over the course of the following week, Felan fled the state of Minnesota to evade arrest and prosecution of Felan. Yousif traveled with Felan, aiding and abetting his escape. Felan and Yousif traveled by car from Minnesota to Texas. Felan and Yousif took evasive actions in order to prevent Felan's arrest by law enforcement, to include acquiring "burner" photos and switching vehicles. During the flight, Yousif was encountered by law enforcement. Yousif provided false information to law enforcement in order to help Felan evade arrest. In addition, Yousif and Felan destroyed evidence related to the case in an attempt to obstruct justice, to include

cellular phones. Ultimately, Felan and Yousif escaped to Mexico. In February 2021, Felan and Yousif were arrested by Mexican law enforcement authorities and returned to the United States to face prosecution.

Yousif admits and agrees that she acted knowingly and intentionally in aiding and abetting Felan's escape and in doing so was an accessory after the fact to Felan's crime of Arson.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and

voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of her conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The parties agree that Count 2 of the Superseding Indictment carries statutory penalties of:

    a. a maximum of 10 years' imprisonment;

    b. a supervised release term of not more than 3 years;

    c. a maximum fine of $250,000; and

    d. a mandatory special assessment of $100.

7. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that the base offense level is 18 because the base offense level for the underlying offense (arson involving the destruction or attempted destruction of a place of public use) is 24. U.S.S.G. § 2K1.4(a)(1), U.S.S.G. § 2X3.1.

  b. <u>Specific Offense Characteristics</u>.  The parties agree that no specific offense characteristics apply.

  c. <u>Chapter 3 Adjustments</u>. The parties agree that no Chapter 3 adjustments apply.

  d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw her guilty plea after it is entered.

  e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

      f.      <u>Guideline Range</u>. With an adjusted offense level of 15, and a criminal history category of I, the Sentencing Guidelines range is 18 to 24 months of imprisonment.

      g.      <u>Fine Range</u>. With the adjusted offense level of 15, the fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

      h.      <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2)

8.    **Revocation of Supervised Release.** The defendant understands that if she were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departure or variance from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Venue Waiver.** Recognizing that the criminal conduct in this case occurred in the State and District of Minnesota, as well as in other states and districts in the United States, the defendant waives all rights to challenge venue in the State and District of Minnesota.

13. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 24 months of imprisonment, and an appeal by the government of the substantive

reasonableness of a term of imprisonment below 18 months of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

14.     **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

15. **Complete Agreement.** The defendant acknowledges that she has read this plea agreement and has carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

W. ANDERS FOLK
Acting United States Attorney

Date: 9/2/21

BY: EMILY M. POLACHEK
MELINDA A. WILLIAMS
Assistant United States Attorneys

Date: 9-2-2021

MENA D. YOUSIF
Defendant

Date: 9-2-2021

BRUCE RIVERS, ESQ.
Counsel for Defendant