UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.20CR00113-002 (DSD)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **POSITION OF THE DEFENDANT** |
| | ) | **WITH RESPECT TO SENTENCING** |
| v. | ) | **FACTORS** |
| | ) | |
| Mena D. Yousif | ) | |
| | ) | |
| Defendant. | ) | |

## <u>INTRODUCTION</u>

Defendant, Mena D. Yousif, respectfully submits this Position Pleading to outline

Defendant's position concerning certain sentencing factors and the apprpriate sentence.

I.                                **BACKGROUND / FACTS**

The Defendant is married to her co-defendant Jose Felan Jr. (20CR00113-001). Mr.

Felan was engaged in conduct during the George Floyd riots where he set various structures on

fire. Some of this conduct was caught on camera. While the Defendant was with Mr. Felan

when this happened, she did not participate and did not set anything on fire.

After, the couple fled to Mexico. While in Mexico, the Defendant and Mr. Felan, lived

on the run while they both had pending warrants. The Defendant had a warrant for aiding an

offender after the fact in violation of 18 U.S.C. 844(I). She was apprehended in Mexico and

extradited to the United States. The Mexican authorities took custody of her son and Ms. Yousif

was then transported to San Diego. She was released with conditions and was allowed, with

counsel, to fly back home to Minnesota. It would be many more months before her son was

allowed to return. Ms. Yousif was pregnant with second child while experiencing health

difficulties due to multiple sclerosis.

II.                          **Some history about Ms. Yousif**

Ms. Yousif was born in Baghdad Iraq in 1998 and emigrated to the United States at age 10.  At one point while in Iraq her father was kidnaped by members of the Iraqi milita for ransom.  The pre-sentence report in a very detailed fashion accurately discusses the trial and tribulations of Ms. Yousif's upbringing and her journey the lead her to the United States of America.  This history along with her health issues has made her ver vulnerable and someone that could be taken advantage of.

When she met her co-defendant, she slowly became isolated by him.  She was working with him night and day.  He would not allow her to be with anyone else including her own family.  Mr. Felan had a criminal record and exerted an incredible amount of abusive control over Ms. Yousif.  In a manner of speaking she became brain washed and would do as he wished as though she had no agency of her own.  This is why is was so easy for him to get her to do anything he wanted including helping him go on the run.  While all of her life she maintained a close relationship with her family, mother father and sister, the introduction of Mr. Felan completely interrupted that.  The strong source of love an support she once enjoyed from her family was now gone, and the only contact she was allowed to have with Mr. Felan.  No family, no friends, no one from the outside was allowed in.

Ms. Yousif was an excellent student who was well on her way to beginning an illustrious career in business.  Mr. Flan interrupted that and convinced her to quit school and work with him at a restaurant.  He became her morning, noon and night and all that she had.

Once she was arrested, she was released on conditions.  Those were that she was not to leave the State of Minnesota, submit to electronic home monitoring and others.  Since then she

has plead guilty and taken off of electronic monitoring. She has remained in compliance and good standing with probation. There have been no reports of any violations of her conditions of release either pre or post plea.

Ms. Yousif has met with probation and aided in the preparation of a pre-sentence investigation. She has also met with the government on February 7, 2022 at the government's request to discuss the progress she has made since being released. There she described what it has been like being a young single mother with two children. One of her condition of release was that she could not have any contact with Mr. Felan. This was very difficult at first. However, Ms. Yousif has honored the court's order and refrained from any contact with her co-defendant. She has come to realize that he "put us in a very awkward situation". She exclaimed that given the choice today she would make very different decision. She expressed remorse for the decisions she made and gratitude for the grace the government has displayed in taking a chance on her. This chance that the government has take was well placed. Ms. Yousif is a changed woman.

## III.   GUIDELINE CALCULATION

The Defense agrees that the base offense level is six levels lower that the offense level for the underlying offense. Thus the offense level is 18. (See U.S.S.G. §§2X3.1(a)(1)). Therefore the offense level is 18. There are no other offense related enhancements that apply.

## IV.   ACCEPTANCE OF RESPONSIBILITY

The Defendant entered a timely plea and therefore has demonstrated acceptance of responsibility under U.S.S.G. §3E1.1(b). Therefore the toal offense level should be reduced by three levels.

3

## V.     SENTENCING RANGE

With an adjusted offense level of 15, and a criminal history score of zero the resulting guideline range is 18 to 24 months.  The Defendant is, however, eligible for a probationary sentence and that is what is being advocated for herein.

## VI.    THE APPROPRIATE SENTENCE

The United States Supreme Court in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). invalidated 18 U.S.C."3553(b)(1) (2000 ed. Supp. IV), thus making the United States Sentencing Guidelines advisory.  *Booker* also invalidated " 3742(e) which directed appellate courts to apply a de novo standard of review to departures from the Guidelines. As a result of our decision, the Guidelines are now advisory. A district Court should begin by calculating the applicable guideline range.  Gall v. United States, 552 U.S. 28 (2007). According to *Gall* the United States Sentencing Guidelines are the starting point and after argument, the court should consider all of 18 U.S.C '3553 (a) factors to determine whether they support either party's proposal. Id. at 39.  The court may not presume that a guideline sentence is reasonable but must make its own individual determination. When the court imposes a sentence outside the guidelines it should consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation.  Id.

### 18 U.S.C. §3552 (a) Factors

Under 18 U.S.C. 3553(a) the Court shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the

4

public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available;(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g) [18 USCS " 3742(g)], are in effect on the date the defendant is sentenced; or (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);(5) any pertinent policy statement-(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

While the offense to which Ms. Yousif plead guilty is a serious one, there are many

mitigating factors that warrant a departure in this case.  First, Ms. Yousif at all times was essentially under the spell and control of her husband, Mr. Felan.   It has taken many months to get her to break free from his grip.  Second, even though she aided him after the fact, she did not do anything to actively interfere with the investigation.  She cooked an cleaned for him and took care of him as a wife.  She also did not participate in the original crime.  Ms. Yousif's medical condition and pregnancy at the time made her exceptionally vulnerable.  And this vulnerability, both physically and emotionally, made her susceptible to her current plight.  Ms. Yousif suffered trauma as a result of the offense.  When asked in a post-plea interview with the Government, "do you plan to move or what is your plan?"  Ms. Yousif replied that the intends to move because of bad memories.  When she said this she tears were welling up in her eyes and her voice cracked. Clearly she continues to suffer from trauma related memories.

Ms. Yousif is very young.  She has no criminal history.  She is not native to the United States and knows what it is like to have the government after your family, (ie. Her father was kidnaped when she was young and the Iraqi government was extremely corrupt.) When you take her immigrant history from Iraq, her pregnancy, and the control Mr. Felan had over her, a prison sentence would be an injustice.  She has remained on conditions with a demonstration that she is amenable to probation.  She has the love and support of her father, mother and sister.  She has obtained a job.  She is enrolled in college and Rochester Community Technical College. She is parenting her two children with the help of her family.  One can glean quite transparently that this offense is a one off for Ms. Yousif and that the likelihood that she will offend again is quite nill.

## CONCLUSION

For the foregoing reasons, the Defense respectfully asks this court to sentence Ms. Yousif to a term of supervised probation not to exceed three years.

RIVERS & ASSOCIATES, P.A.

Date _2-7-2022_                    By _____

Bruce Rivers (ID# 282698)
Attorney For Defendant
100 North Sixth Street, Suite 280B
Minneapolis, Minnesota 55403
Telephone:     (612)339-3939
Facsimile:     (612)332-4003